```
DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile: (562) 495-3674

Attorneys for Plaintiff
SOMPO JAPAN INSURANCE INC.
f/k/a SOMPO JAPAN NIPPONKOA INSURANCE INC.
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| SOMPO JAPAN INSURANCE INC. f/k/a SOMPO JAPAN NIPPONKOA INSURANCE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TOKO KAIUN KAISHA LTD.; and DOES 1 through 10, inclusive,<br><br>Defendants. | **IN ADMIRALTY**<br><br>Case No.: 20-cv-06322<br><br>**COMPLAINT FOR:**<br><br>1. **DAMAGE TO CARGO;**<br>2. **NEGLIGENCE/WILFUL MISCONDUCT/ UNSEAWORTHINESS**<br>3. **BREACH OF CONTRACT**<br>4. **BREACH OF BAILMENT** |
|---|---|

COMES NOW, Plaintiff, SOMPO JAPAN INSURANCE INC. f/k/a SOMPO JAPAN NIPPONKOA INSURANCE INC., for itself (hereinafter "Plaintiff"), and for causes of action against TOKO KAIUN KAISHA LTD. and DOES 1 through 10, inclusive, ("Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction. As well, this court has jurisdiction under as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2. Plaintiff is a foreign insurance corporation with an office and place of

*Complaint for Damage to Cargo*

business at 26-1, Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan. Plaintiff brings this action on its own behalf in that it insured the below described cargo against loss, damage and deterioration, and having paid for the loss of the cargo, is subrogated to the rights of the owner of the cargo and its assignee.

3. Defendant is a business organization and existing under the laws of Japan, doing business in this judicial district as an ocean common carrier and forwarder with an office and place of business at c/o Toko Line (U.S.A.), Ltd., 601 California St., #1800, San Francisco, CA 94111.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

5. Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

**FIRST CAUSE OF ACTION**

(Damage to Cargo)

6. Plaintiff incorporates by reference Paragraphs 1 through 5, inclusive, of this Complaint as fully set forth herein.

7. On or about June 29, 2019, Defendants accepted two shipments consisting of 99 coiled steel wire rods ("Cargo") to be delivered from Kobe, Japan to the Port of New Orleans in the same good order and condition as when shipped pursuant to bills of lading TOKO-KBNO-0040-9861 and TOKO-KBNO-3020-9861.

8. Defendants, and each of them, failed and neglected to carry, handle

and monitor the Cargo and maintain its good order and condition as when received. To the contrary, the Cargo was delivered with water damage.

9. By reason of the foregoing, Plaintiff has been damaged in the sum of $54,365.48, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION
(Negligence/Wilful Misconduct/Unseaworthiness)

10. Plaintiff incorporates by references Paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

11. The damage to the Cargo was directly and proximately caused by the fault, neglect, willful misconduct, breach of statutory and/or common law duty of Defendants, and each of them, and the unseaworthiness of the carrying vessel.

12. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $54,365.48, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION
(Breach of Contract)

13. Plaintiff incorporates by reference Paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14. On or about June 29, 2019, Defendants, and each of them, agreed to safely handle, store, transport and deliver the Cargo in the same good order and condition as when received.

15. Defendants, and each of them, materially and substantially breached and deviated from their agreement by failing to deliver the Cargo in the same good order and condition as when received.

16. All, of any, conditions and/or covenants required to be performed in accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

17. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $54,365.48, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Bailment)

18. Plaintiff incorporates by reference Paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

19. The damage of the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and/or obligations as bailees to safely care for the Cargo.

20. As a direct and proximate result of defendant's breach of warranty, Plaintiff has been damaged in the sum of $54,365.48, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $54,365.48, miscellaneous expenses, interest and costs;

2. For pre-judgment interest from September 9, 2019, at the rate of 10% per annum, or as otherwise allowable by the court;

\\\

\\\

3. For post-judgment interest at the maximum allowable rate;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.

Dated: July 16, 2020                    CAMMARANO LAW GROUP

By: /s/ Dennis A. Cammarano
    Dennis A. Cammarano
    Attorneys for Plaintiff
    SOMPO JAPAN INSURANCE INC.
    f/k/a SOMPO JAPAN NIPPONKOA
    INSURANCE INC.
    3506cacd complaint 071620.wpd